UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| SIR JACK MATTHEWS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 1:04-CR-160-CLC-CHS-2 |
| | ) | 1:16-CV-254-CLC |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 956]. The United States responded in opposition to collateral relief on September 23, 2016 [Doc. 960]; the Court has also received two requests for an extension of time to file the same [Docs. 958, 959]. Petitioner did not reply, and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons below, the requests for extension [Docs. 958, 959] will be **GRANTED nunc pro tunc** and the § 2255 motion [Doc. 956] will be **DENIED** and **DISMISSED WITH PREJUDICE.**

## I. BACKGROUND

In 2003, Petitioner and co-defendants Rejon Taylor and Joey Marshall drove to Guy Jean Luck's house in Atlanta, Georgia, found Luck, and forced him into the back of his own van, where they robbed him of his cash and credit cards [Doc. 283]. Petitioner then guarded Luck with a loaded firearm while Taylor, also armed, drove the van north into Tennessee; Marshall followed the van in the car they had driven to Luck's house [*Id.*]. Petitioner shot Luck once, after which Taylor repeatedly and fatally shot Luck [*Id.*]. Petitioner returned to Atlanta [*Id.*].

In 2004, a federal grand jury indicted Petitioner and his co-defendants with four capital offenses: carjacking resulting in death, in violation of 18 U.S.C. § 2119(3); murder by use of a firearm during and in relation to carjacking, in violation of 18 U.S.C. § 924(j)(1); kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a)(1); and murder by use of a firearm during and in relation to kidnapping, in violation of 18 U.S.C. § 924(j)(1) [Doc. 1]. Petitioner pled guilty, as charged, pursuant to a plea agreement under which he promised to cooperate with the United States and the United States agreed not to seek the death penalty [Docs. 283, 354].

When co-defendant Taylor proceeded to trial in August of 2008, the United States called Petitioner as a witness, but he testified inconsistently with the factual basis in his plea agreement. Several months later, Petitioner moved to withdraw his guilty plea [Docs. 766, 795, 824]. This Court denied the motion, finding Petitioner had not shown any fair and just reason to withdraw the guilty plea he had entered two years earlier [Docs. 832, 833].

On April 7, 2009, this Court sentenced Petitioner to life imprisonment [Doc. 843]. He appealed, but the Sixth Circuit affirmed his conviction and sentence [Doc. 936]. The Supreme Court denied certiorari on October 1, 2012 [Doc. 941]. More than three years later—on June 24, 2016—Petitioner filed the instant collateral challenge [Doc. 956].

The petition contains four grounds for relief: (1) vacatur of Petitioner's two § 924(j)(1) convictions in light of the *Johnson* decision (Ground One); (2) vacatur of all four convictions on the basis that Petitioner did not "voluntarily and knowingly" enter the plea agreement on which they were based (Ground Two); (3) vacatur of all four convictions on the basis that an unidentified breach of the plea agreement rendered the same "null and void" (Ground Three); and (4) vacatur of all four convictions on the basis that trial counsel rendered constitutionally

2

deficient assistance during the plea process by refusing to request a withdraw of the plea agreement despite Petitioner's repeated requests that he do so (Ground Four) [Doc. 956].

## II. NON-DISPOSITIVE MOTIONS

In addition to the petition, this Court has received two requests for an extension of time to file the response submitted on September 23, 2016 [Docs. 958, 959]. In support of these requests, the United States cites its increased caseload related to *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the United States Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. For good cause shown, both motions will be **GRANTED nunc pro tunc**.

## III. TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to his case. Specifically, he has not established that any illegal action by the government prevented him from making a timely petition or the existence of

facts affecting his case that could not have previously been discovered through due diligence. The timeliness of the petition therefore depends on whether it complies with subsections (f)(1) or (f)(3).

For purposes of the subsection (f)(1)—under which the statutory period expires one year from the date on which the judgment of conviction becomes final—"a conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). In the case of a direct appeal, direct review concludes after either denial of certiorari or expiration of the ninety-day period in which to seek such review. *Clay v. United States*, 537 U.S. 522, 525, 532 (2003). Petitioner's one-year period for requesting relief under subsection (f)(1) expired on October 1, 2013, one year after his conviction became final for purposes of that section on October 1, 2012.

Failure to file the petition until June 24, 2016—more than two-and-a-half years after expiration of the one-year window under subsection (f)(1)—means that timeliness of the motion depends on whether the grounds therein were submitted in compliance with subsection (f)(3).[1]

---

[1] Section 2255(f)(1)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). Equitable tolling is used sparingly, and a petitioner bears the burden of establishing that equitable tolling applies to his case. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). A petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

Review of the petition [Doc. 956] and supporting memorandum [Doc. 957] lead the Court to conclude that Petitioner has failed to put forth extraordinary circumstances justifying his failure to submit any untimely grounds within the window permitted by § 2255(f). *Compare Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted); *with Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012)

Grounds Two, Three, and Four cannot rely on subsection (f)(3) because they do not assert a newly recognized right; the claims will be dismissed accordingly. By contrast, Petitioner's invocation of the *Johnson* decision in Ground One triggers the renewed limitations period with respect to that claim. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding that the *Johnson* decision triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). The renewed limitations window began to run on June 26, 2015; Ground One was submitted within a year of that date [Doc. 956].

## IV. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

---

(granting request for equitable tolling where the petitioner pled facts indicating he had been separated from his legal materials for an extended period of time due to multiple detention transfers and an illness). Moreover, the United States raised the untimeliness of the petition in its response [Doc. 960], and Petitioner did not reply.

## V. ANALYSIS

In his sole timely ground for relief, Petitioner appears to argue that the *Johnson* decision invalidated the residual clause in § 924(c)(3)(B)'s definition of crime of violence and that the absence of that provision requires vacatur of his convictions under § 924(j)(1) [Docs. 956, 957]. The argument fails for two reasons.

First, binding Sixth Circuit precedent holds that while *Johnson* invalidated the residual provision of the ACCA and identically worded clause in Section 4B1.2 of the United States Sentencing Guidelines, § 924(c)(3)(B)'s definition of crime of violence remains unaffected. *See United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016) (concluding "rationale of *Johnson* applies equally" to the Guidelines' definition of crime of violence); *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that Johnson effectively invalidated [the former] is . . . without merit").

Second, even if *Johnson*'s reasoning could be used to invalidate § 924(c)(3)(B)'s residual clause, Petitioner's convictions under § 924(j)(1) would remain valid because murder is a crime of violence under the use-of-physical-force clause contained in § 924(c)(3)(A). An offense qualifies as a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Because the intentional killing of another invariably involves the use of "force capable of causing physical pain or injury, i.e., violent physical force," *United States v. Anderson*, 695 F.3d 390, 400 (6th Cir. 2012), the *Johnson* decision has no impact on Petitioner's § 924(j)(1) convictions.

## IV. CONCLUSION

For the reasons discussed above, the requests for extension [Docs. 958, 959] will be **GRANTED nunc pro tunc** and the § 2255 motion [Doc. 956] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**AN APPROPRIATE ORDER WILL ENTER.**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**